IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:18CR492-1 |
| v. | : | |
| TIMOTHY DONOVAN BURNS | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, TIMOTHY DONOVAN BURNS, in his own person and through his attorney, Dylan Greenwood, and state as follows:

1. The defendant, TIMOTHY DONOVAN BURNS, is presently under Indictment in case number 1:18CR492-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1), receipt of child pornography; and which in Count Two charges him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), possession of child pornography involving a minor under the age of 12.

2. The defendant, TIMOTHY DONOVAN BURNS, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, TIMOTHY DONOVAN BURNS, understands that as to Count One of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than five years nor more than twenty years, and the maximum fine for Count One of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TIMOTHY DONOVAN BURNS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, TIMOTHY DONOVAN BURNS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

c. The defendant, TIMOTHY DONOVAN BURNS, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to

2

Title 18, United States Code, Section 2259, to any victim of the offenses charged in the Indictment herein.

      d.    The defendant, TIMOTHY DONOVAN BURNS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

      e.  The defendant, TIMOTHY DONOVAN BURNS, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TIMOTHY DONOVAN BURNS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal

3

and possibly permanent exclusion from the United States. The defendant, TIMOTHY DONOVAN BURNS, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

   f. The defendant, TIMOTHY DONOVAN BURNS, understands that, by entering a plea of guilty to Count One of the Indictment herein, he may be required to register as a sex offender under the laws of the United States and/or any state in which he resides, works, and or attends school, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 34 U.S.C. § 20901-20962 and N.C.G.S. §§ 14-208.5 - 208.45.

  3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, TIMOTHY DONOVAN BURNS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4

4. The defendant, TIMOTHY DONOVAN BURNS, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, TIMOTHY DONOVAN BURNS, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, TIMOTHY DONOVAN BURNS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, TIMOTHY DONOVAN BURNS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

5

c. The defendant, TIMOTHY DONOVAN BURNS, agrees to pay restitution to the extent allowed in Title 18, United States Code, Section 2259, as determined by the Court, to any victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3. This portion of the Plea Agreement is made pursuant to Title 18, United States Code, Section 3663A(a)(3).

6. With regard to forfeiture, the United States and the defendant, TIMOTHY DONOVAN BURNS, agree as follows:

a. The defendant, TIMOTHY DONOVAN BURNS, knowingly and voluntarily consents and agrees to forfeit to the United States all right, title, and interest in and to any and all visual depictions described in Title 18, United States Code, Section 2252A, and any and all property, real or personal, used or intended to be used to commit or to promote the commission of the offense to which he is pleading guilty. The property to be forfeited includes, but is not limited to, the following:

1. One 250GB Crucial solid-state-drive, identification number 1530F00A1957; and

2. One 2TB Hitachi hard drive, identification number YFGNBBTA.

The defendant acknowledges that his interest in the foregoing property is subject to forfeiture based on the offense to which he is pleading guilty.

      b.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

      c.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment of the United States Constitution.

d. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

e. The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7. The defendant, TIMOTHY DONOVAN BURNS, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to

8

enforce the judgment. The defendant further agrees that his debt resulting from any criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program, even if defendant debtor is current in his payments under any Court-imposed payment schedule.

8. It is further understood that the United States and the defendant, TIMOTHY DONOVAN BURNS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, TIMOTHY DONOVAN BURNS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment. Also, unless the Court finds the defendant to be indigent, pursuant to Title 18, United States Code, Section 3014, the defendant, TIMOTHY DONOVAN BURNS, further understands and agrees that the

9

Court is required to impose an additional mandatory special assessment of $5,000.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 30th day of January, 2019.

MATTHEW G.T. MARTIN
United States Attorney

DYLAN GREENWOOD
Attorney for Defendant

ERIC L. IVERSON
NCSB # 46703
Assistant United States Attorney

TIMOTHY DONOVAN BURNS
Defendant

101 S. Edgeworth St.,
4th Floor
Greensboro, NC  27402
336/333-5351

10